**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN M. FLOYD & ASSOCIATES, INC.                                          PLAINTIFF/
                                                                                               COUNTER-DEFENDANT

VS.                                              4:03CV00919 JTR

SUPERIOR FEDERAL BANK, FSB
(NOW KNOWN AS ARVEST BANK)                                                  DEFENDANT/
                                                                                               COUNTER-CLAIMANT

### ORDER

Pending before the Court is Plaintiff's Motion to Compel. (Docket entry #24.)[1] For the reasons set forth herein, the Motion will be denied.

### I. Background

This case involves breach of contract and unjust enrichment claims asserted between the parties. (Docket entries #6 and #7.) In its Motion to Compel, Plaintiff contends that, during their depositions, otherwise-unidentified defense witnesses testified that they previously had reviewed various documents with defense counsel, which refreshed their recollection for the purpose of testifying. (Docket entry #24.) Plaintiff's counsel requested Defendant's counsel to identify those documents so that he could examine them before proceeding with further questioning.[2] Defendant's

---

[1] On October 24, 2005, the parties consented in writing to proceedings before a United States Magistrate Judge, and all proceedings were transferred to the Honorable John F. Forster, Jr., United States Magistrate Judge. (Docket entry #39.) On October 28, 2005, Judge Forster recused, and the case was transferred to this Court for all further proceedings. (Docket entries #40 and #41.)

[2] The parties appear to agree that the documents defense counsel reviewed with the deponents were included among the approximately 7,000 pages of documents that Defendant produced for inspection by Plaintiff. While Plaintiff singles out the failure to produce some "general ledger" documents referenced in the deposition of Claudia Bratcher, Defendant represents that these

counsel objected on the grounds of attorney-client privilege and the work-product doctrine. *Id.*

In Plaintiff's Motion to Compel, it argues that Defendant has failed to carry its burden of demonstrating that any documents reviewed by the deponents are privileged, and that the deponents waived any privilege by admitting in their depositions that the documents they reviewed with defense counsel refreshed their recollection pursuant to Fed. R. Evid. 602. By way of relief, Plaintiff requests that: (1) Defendant be compelled to produce the specific documents its attorneys reviewed with each deponent in advance of their respective depositions; (2) it be allowed to redepose the defense witnesses in question, at Defendant's expense, in order to inquire about matters related to the specific documents they reviewed with defense counsel; and (3) the discovery deadline be extended two weeks from the date of the Court's ruling on this Motion.

In its Response, Defendant argues that the identification of the specific documents that its attorneys reviewed with the deponents, prior to their depositions, is protected from disclosure under the work product doctrine.

## II. Discussion

Rule 26(b)(3) of the Federal Rules of Civil Procedure expressly protects discovery of documents "prepared in anticipation of litigation or for trial[.]" The party seeking protection of work product must show that the materials in question were prepared in anticipation of litigation. The party seeking discovery of work product must then demonstrate that he has a substantial need for the materials and that he cannot obtain the substantial equivalent of the materials by other means. *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002) (citing Fed. R. Civ. P. 26(b)(3)).

---

documents have now been produced, without objection.

Work-product material has been extended to include an attorney's selection and compilation of documents "[i]n cases that involve reams of documents and extensive document discovery[.]" *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986). In *Shelton*, the defendant's in-house counsel was deposed and asked to acknowledge the existence or nonexistence of certain categories of defendant's documents related to an allegedly defective product. The Eighth Circuit held that, where "deponent is opposing counsel and opposing counsel has engaged in a process of selecting and compiling documents in preparation of litigation, the mere acknowledgment of the existence of those documents would reveal counsel's mental impressions, which are protected by work product." *Shelton*, 805 F.2d at 1329. S*ee also Peterson v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992) ("Documents 'prepared in anticipation of litigation' may include business records that were specifically selected and compiled by the other party or its representative in preparation for litigation and that the mere acknowledgment of their selection would reveal mental impressions concerning the potential litigation").

In this case, Defendant's attorneys reviewed and selected certain materials, from among the 7,000 page universe of documents produced to Plaintiff's counsel, and then reviewed those materials with Defendant's witnesses prior to their depositions. If Plaintiff's counsel were allowed to compel Defendant's attorneys to produce the subset of documents they selected for review with their witnesses, it would provide him with a clear picture of opposing counsel's "professional judgment of the issues and defenses involved." As the Court held in *Shelton*, "[t]his mental selective process reflect's [counsel's] legal theories and thought processes, which are protected as work product." *See Shelton*, 805 F.2d at 1329 (citing *Sprock v. Peil*, 759 F.2d 312, 316 (3rd Cir. 1985), *cert. denied*, 474

U.S. 903 (1985)).[3]

Plaintiff goes on to argue that, even if the identification of the documents is otherwise protected, the deponents waived that protection in affirming that the document review refreshed their recollection. In support of this argument, Plaintiff cites Fed. R. Evid. 612 and *Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8, 9-10 (N.D. Ill. 1978). In *Wheeling-Pittsburgh*, the district court granted defendant's motion to compel the production of documents which the deponent had used to refresh his recollection immediately prior to his deposition. *Wheeling-Pittsburgh*, 81 F.R.D. at 9. The court concluded that such documents were discoverable under Fed. R. Evid. 612 and, to the extent such documents were otherwise protected by the attorney-client privilege, plaintiff had waived the privilege by using the documents to refresh his recollection. *Id.* at 10-11.[4]

---

[3]Obviously, nothing prevented Plaintiff's counsel from asking Defendant's witnesses, during their depositions, if they had reviewed <u>a specifically identified document</u> with defense counsel in preparation for the deposition. By this trial and error process, Plaintiff's counsel may have been able to discover the identity of most, if not all, of the most important documents defense counsel reviewed with their witnesses. However, what Plaintiff's counsel seeks in his Motion to Compel would require defense counsel to provide him with a complete road map of how they exercised their professional judgment in deciding which documents comprise the nucleus of their defense strategy. As explained above, such documents are protected from disclosure under the work product doctrine.

[4]Documents used to refresh a deponent's recollection are only discoverable under Fed. R. Evid. 612 if the moving party lays a "proper foundation" for application of that Rule during the deposition:
> In the case before us, the apparent conflict between the protected status of defense counsel's document selection process under Rule 26(b)(3) and the asserted need, for cross-examination purposes, of the identification of the documents actually selected resulted from the failure to establish the first two requirements under Rule 612. *In seeking identification of all documents reviewed by petitioner prior to asking petitioner any questions concerning the subject matter of the deposition, respondent's counsel failed to establish either that petitioner relied on any documents in giving his testimony, or that those documents influenced his testimony. Without first eliciting the testimony, there existed no basis for asking petitioner the source of that testimony.*

While Plaintiff is correct that some courts have held Fed. R. Evid. 612 operates as a waiver, with respect to a writing used to refresh memory, "[m]ost courts now reject the absolute-waiver approach in favor of a test that balances the interests promoted by recognizing Rule 612 rights in the adverse party against the burden those rights impose on work-product and privilege protections." WRIGHT & MILLER, 28 Fed. Prac. & Proc. Evid. § 6188 (Supp. 2005). The Court concludes that, in this case, the balancing of those interests weighs in favor of protecting the work product of Defendant's attorneys from disclosure to Plaintiff's counsel.

### III.  Conclusion

For all of the foregoing reasons, the Court concludes that the documents sought by Plaintiff in its Motion to Compel are protected work product under Fed. R. Civ. P. 26(b)(3) and that Plaintiff is not otherwise entitled to the identification of those documents under Fed. R. Evid. 612.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #24) be and it is hereby DENIED.

Dated this 14th of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

*Sprock*, 759 F.2d at 318 (internal citations omitted) (emphasis added). In Plaintiff's Motion papers, there is nothing to suggest that the deponents, in response to specific questions from Plaintiff's counsel, admitted that their answers to those questions were informed by certain documents they reviewed with counsel for Defendant. Thus, it does not appear that Plaintiff's counsel laid the proper foundation for invoking rule 612 as a basis for obtaining the disclosure of the documents in question.